IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

LA'PRINCE BEACH            )
                           )
     v.                    )     NO. 1:20-00051
                           )
DR. CORTEZ TUCKER          )

**TO:** Honorable William L. Campbell, Jr., District Judge

# REPORT AND RECOMMENDATION

By Order entered September 30, 2020 (Docket Entry No. 5), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion for summary judgment filed by Defendant Cortez Tucker (Docket Entry No. 15), to which Plaintiff has not filed a response. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

La'Prince Beach ("Plaintiff"), filed this *pro se* and *in forma pauperis* lawsuit on September 2, 2020. *See* Complaint (Docket Entry No. 1). At the time Plaintiff filed the lawsuit, he was an inmate of the Tennessee Department of Correction ("TDOC") confined at the Turney Center Industrial Complex ("Turney Center") in Only, Tennessee. Although Plaintiff did not file a change of address notice, the docket for the case reflects that he called the Clerk's Office in

October 2020 to update his address upon his release from imprisonment and that he now lives in La Vergne, Tennessee.

Plaintiff brings a claim under 42 U.S.C. § 1983 based on allegations that he received inadequate medical care at the Turney Center in violation of his Eighth Amendment rights. He demands a jury trial and seeks damages and injunctive relief as a remedy. *See* Complaint at 6. Upon initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted a colorable claim against prison physician, Dr. Cortez Tucker ("Defendant"), in his official capacity. *See* September 30, 2020, Order at 7. All other claims and defendants were dismissed. *Id*.

Plaintiff's factual allegations are set out in a single paragraph in his complaint. *See* Complaint at 5. He alleges that he was diagnosed in early 2020 with bleeding ulcers and hemorrhoids, and that, after he was transferred to the Turney Center in March 2020, he saw the prison doctor, who "stated that he would get [Plaintiff] some treatment, but never did." *Id.* Plaintiff alleges that his conditioned worsened and he started experiencing bleeding from his anus. He contends that he was seen by Defendant on August 3, 2020, and that Defendant "said he would get [Plaintiff] some treatment, but he never did." *Id*. Plaintiff alleges that "the Doctor(s) and nurse(s) know my medical problems, but refused me treatment." *Id*.

Defendant filed an answer (Docket Entry No. 10) and a scheduling order was entered providing for a period of pretrial activity in the action. *See* Docket Entry No. 11. There are no pending motions other than Defendant's motion for summary judgment. A jury trial has not yet been scheduled in the case.

## II. MOTION FOR SUMMARY JUDGMENT

On June 11, 2021, Defendant filed the pending motion for summary judgment in his favor under Rule 56 of the Federal Rules of Civil Procedure. Defendant first argues that Plaintiff did not exhaust his available administrative remedies at the Turney Center prior to filing his lawsuit and that his claim is subject to dismissal under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e for failure to exhaust. Second, Defendant argues that there is no evidence showing that he acted with deliberate indifference toward Plaintiff with respect to his medical needs. To the contrary, Defendant asserts that the undisputed evidence shows that he met with Plaintiff multiple times in 2020 regarding his gastro-intestinal problems, prescribed medications for him, ordered and reviewed diagnostics tests, completed a treatment plan sheet, and supervised a nurse practitioner who was also providing treatment to Plaintiff. Finally, Defendant contends that any state law claim based on Plaintiff's allegations is barred because Plaintiff has not complied with the requirements of the Tennessee Health Care Liability Act. *See* Memorandum in Support of Motion for Summary Judgment (Docket Entry No. 18).

Defendant supports his motion with: (1) his own affidavit (Docket Entry No. 15-1); (2) copies of Plaintiff's prison medical records (Docket Entry Nos. 15-2 and 17); (3) Plaintiff's responses to written discovery requests (Docket Entry No. 15-3); (4) copies of prison grievance records (Docket Entry No. 15-4); (5) a copy of what appears to be a supervisory responsibilities printout (Docket Entry No. 15-5); and, (6) a statement of undisputed material facts (Docket Entry No. 19).

Plaintiff was notified of the motion, informed of the need to respond, and given a deadline of July 30, 2021, to file a response. *See* Order entered June 15, 2021 (Docket Entry No. 20).

3

Plaintiff was specifically warned that his failure to file a timely response could result in the dismissal of the action. Despite being afforded more time than required by the Local Rules to file a response, Plaintiff has not filed a response of any kind to the motion.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

4

## IV. CONCLUSIONS

A. Exhaustion of Administrative Remedies

Pursuant to 42 U.S.C. § 1997e(a) of the PLRA, a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit about the conditions. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

B. Eighth Amendment Standards

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. *See Farmer v. Brennan*, 511

5

U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Although this standard does not require a showing that the Defendant acted with a purpose or intent to inflict harm, the standard is nonetheless a high standard and is not satisfied by a showing of negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703. Plaintiff must show more than medical malpractice or negligence on the part of Defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." *Comstock*, 273 F.3d at 703. *See Estelle*, 429 U.S. at 105; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985).

C. Plaintiff's Claim and Summary Judgment

Although the allegations in Plaintiff's complaint were sufficient to permit the case to survive initial frivolity review and to have process issued, Plaintiff has not responded to the arguments for summary judgment made by Defendant in his dispositive motion, has not responded to Defendant's statement of undisputed facts as required by Local Rule 56.01(f),[1] and has not set forth any evidence supporting his claims.

---

[1] Local Rule 56.01(f) provides that Plaintiff's failure to respond to Defendant's statement of undisputed facts shall deem the asserted facts to be undisputed for the purposes of summary judgment. Accordingly, the Court is permitted to rely upon the facts set forth by Defendant as the undisputed facts.

6

When a motion for summary judgment is properly supported under Rule 56, such as Defendant's motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

With respect to Defendant's failure to exhaust argument, Defendant has set forth evidence that the prison grievance Plaintiff filed against Defendant was not fully pursued through the available multi-step grievance process because Plaintiff had not finalized the appeal steps by the time that he filed his complaint on September 2, 2020. *See* Docket Entry No. 15-4 at 9-12; Statement of Undisputed Facts at ¶¶ 2-8-10. In the face of this evidence, Plaintiff must rebut Defendant's exhaustion defense by presenting "significant probative evidence" showing compliance with the PLRA. *See Napier*, *supra*. Plaintiff has not set forth any evidence meeting

7

this burden and rebutting Defendant's contention that he had not fully pursued and exhausted his available administrative remedies prior to filing his lawsuit. Accordingly, Plaintiff's lawsuit should be dismissed because of his failure to comply with the mandatory exhaustion requirement of the PLRA.

The Court also finds that Defendant is entitled to summary judgment on the merits of Plaintiff's claim that he was not provided with constitutionally adequate medical care. Through his own affidavit and through Plaintiff's medical records, Defendant has set forth evidence that Plaintiff was not ignored as alleged, but was instead provided with a regular course of treatment for his health issues.

Plaintiff's claim is essentially based upon his displeasure with the manner or adequacy of the course of treatment he received. He apparently believes that he should have been provided with some unspecified types of different treatment. However, when a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law. *Hill v. Jones*, 211 F.3d 1269 (6th Cir. 2000); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). *See also Washington v. Stewart*, 2010 WL 4511015 (M.D. Tenn. Nov. 1, 2010) (Trauger, J.) (inmate who had bullet in his leg from prior incident did not support a constitutional claim based on allegations of inadequate pain medication and the refusal of an x-ray in light of evidence that prison physician gave him Motrin, assigned him to bottom bunk, and provided him with crutches). *Van v. Troutt*, 2010 WL 4007484 (M.D. Tenn. Oct. 12, 2010) (Campbell, J.) (inmate's allegations of inadequate treatment and mis-diagnosis of back injury were insufficient to state constitutional claim in light of medical care that was admittedly provided).

8

Although the care Plaintiff received at the Turney Center may not have been as far-reaching as the care he could have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Constitution does not guarantee that a prison inmate receive the "optimum or best medical treatment." *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982); *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978). Further, it is well settled that neither negligence nor medical malpractice will support a constitutional claim. *See Estelle*, 429 U.S. at 106; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985). Defendant's evidence, even when viewed in the light most favorable to Plaintiff, shows that he was not treated by Defendant with deliberate indifference to his serious medical needs.

Furthermore, Plaintiff is not entitled to a trial on his lack of medical care claim merely on the basis of allegations. *Goins*, *supra.* He must buttress the allegations of his complaint with evidence supporting his claim. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). He has not done so with respect to his claim. Based on the evidence before the Court, no reasonable jury could find that Defendant Tucker acted in a manner that was inconsistent with Plaintiff's Eighth Amendment right to be free from deliberate indifference to his serious medical needs. *Estelle, supra*.

Although Defendant also raises a defense to a state law tort claim, nowhere in Plaintiff's complaint does he raise a claim under state law, and the Court did not liberally construe the complaint as raising such a claim upon its initial review of the complaint. Accordingly, a state law claim is not currently before the Court as part of this case.

9

## RECOMMENDATION

Based on the forgoing, the undersigned respectfully RECOMMENDS that the motion for summary judgment of Defendant Cortez Tucker (Docket Entry No. 15) be GRANTED and that Plaintiff's case be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

*[signature]*
BARBARA D. HOLMES
United States Magistrate Judge